# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GREGORY KEVIN SAMUELS,

      Plaintiff,

v.                                                        Case No:   6:21-cv-870-RBD-LRH

WMC MORTGAGE, LLC,
GE HOLDINGS INC.,
GQ HOLDING 1329, LLC,
MORTGAGE ELECTRONIC
SYSTEMS,
NINTH JUDICIAL CIRCUIT COURT
OF FLORIDA,
KONDAUR CAPITAL
CORPORATION and
TYLER T. STIGLICH

      Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** MOTION TO APPEAL IN FORMA PAUPERIS (Doc. 54)
>
> **FILED:** November 4, 2021

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

I.  BACKGROUND.

Plaintiff, proceeding *pro se*, filed this action against the above-named Defendants on May 19, 2021.  (Doc. 1).  In his amended complaint, Plaintiff asserted claims for fraud and violation of due process in connection with a state court foreclosure action.  (Doc. 4).

On October 6, 2021, the Court entered an Order dismissing the case without prejudice for want of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.[1]  (Doc. 51).  Specifically, the Court found that Plaintiff's complaint, although alluding to a federal question by its reference to due process, was actually predicated on seeking to overturn the state court's rulings against him in a foreclosure action.  (*Id.*, at 3).  In dismissing the case without prejudice, the Court also noted that Plaintiff has previously filed suit against most of the above-named Defendants for the same claims twice before, and the Court ultimately dismissed both cases.  (*Id.*, at 4 (citing *Samuels v. GQ Holding 1329, LLC*, No. 6:18-cv-940 (M.D. Fla. June 15, 2018); *Samuels v. WMC Mortg., LLC*, No. 6:20-cv-1441 (M.D. Fla. Aug. 11, 2020))).  The Court therefore directed Plaintiff not to file another case in this

---

[1] *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

Court based on these same claims, reiterating that the Court does not have jurisdiction to accord Plaintiff the relief he seeks.  (*Id.*).

Plaintiff filed a Notice of Appeal on November 4, 2021.  (Doc. 53).  With the Notice of Appeal, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which the Court construes as a motion for leave to appeal *in forma pauperis*.  (Doc. 54).  As explained below, the undersigned will respectfully recommend that the motion (Doc. 54) be denied.

## II.     APPLICABLE LAW.

Motions to proceed *in forma pauperis* on appeal are governed by Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915.[2]  *DeSantis v. United Techs. Corp.*, 15 F. Supp. 2d 1285, 1287–88 (M.D. Fla. 1998), *aff'd sub nom. DeSantis v. United Techs.*, 193 F.3d 522 (11th Cir. 1999) (citing *Brown v. Pena,* 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd,* 589 F.2d 1113 (5th Cir. 1979)).  Under Rule 24, a motion to proceed on appeal *in forma pauperis* must contain an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1).

---

[2] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

Pursuant to 28 U.S.C. § 1915(a), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "To satisfy this 'good faith' standard, the appealing party must demonstrate that any issue he seeks to pursue is 'not frivolous when examined under an objective standard.'" *Arias v. Moody*, No. 8:18-cv-304-T-23CPT, 2018 WL 4964640, at *2 (M.D. Fla. Aug. 29, 2018), *report and recommendation adopted*, 2018 WL 4964013 (M.D. Fla. Oct. 15, 2018) (quoting *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008)). "An issue is deemed to be 'frivolous' when 'it appears the plaintiff has little or no chance of success.'" *Id.* (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)). Thus, an application to appeal *in forma pauperis* may be denied "if it appears — objectively — that the appeal cannot succeed as a matter of law." *DeSantis*, 15 F. Supp. 2d at 1289.

### III. ANALYSIS.

The undersigned finds Plaintiff's motion (Doc. 54) deficient in several respects. First, the motion fails to comply with Rule 24 because it does not claim an entitlement to redress or state the issues that Samuels intends to present on appeal. *See* Doc. 54. Further, Plaintiff's notice of appeal fails to identify the legal issues he intends to raise on appeal. *See* Doc. 53. Rather, the notice of appeal confusingly states that Plaintiff is "appeal[ing]… from the Order of Judge Roy B. Dalton for the District of the Middle District of Florida, Orlando Division, entered

in the case on October 6, 2021, Plaintiff files this Notice of Appeal of this Order granting Summary Judgment to the Defendant, Nineth [sic] District Circuit." (Doc. 53, at 1). This Court has never granted summary judgment to any party in this case, and thus it appears that Plaintiff is once again seeking to overturn the Ninth Judicial Circuit Court of Florida's order in the state foreclosure action.[3] Thus, "Plaintiff's failure to identify any good faith issue to be addressed on appeal warrants denial of permission to proceed *in forma pauperis*." *Schmitt v. U.S. Off. of Pers. Mgmt.*, No. 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (denying motion for leave to appeal *in forma pauperis* where plaintiff's case was dismissed based on his repeated failure to comply with Fed. R. Civ. P. 8, and plaintiff failed to identify the legal issues he sought to appeal); *Slater v. U.S. Dep't of Veteran Affs.*, No. 6:08-cv-160-Orl-22GJK, 2008 WL 2117152, at *3 (M.D. Fla. May 19, 2008) (denying motion for permission to appeal *in forma pauperis* where plaintiff's complaint was dismissed for failure to state a claim, and plaintiff failed to state the issues he intended to present on appeal). *See also Andrews v. Emanuel Cnty.*, No. 6:16-cv-56, 2016 WL 4445258, at *4, 6 (S.D. Ga. Aug. 19, 2016), *report and recommendation adopted*, No. 6:16-cv-56, 2016 WL 5110257 (S.D. Ga. Sept. 20, 2016) (finding that any appeal of Court's order denying *pro se* petitioner's petition for writ

---

[3] Plaintiff's amended complaint alleges that the state court improperly granted summary judgment to the defendants in the foreclosure action. (Doc. 4 ¶ 43-46).

of habeas corpus "would not be taken in good faith," where, among other things, the petition violated *Rooker-Feldman*).

## IV. RECOMMENDATION.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. 54) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 13, 2021.

_Leslie R. Hoffman_
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party